UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3027 |
| | ) | |
| STATE OF ILLINOIS and | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Pontiac Correctional Center, challenges disciplinary action taken against him during his incarceration in Western Illinois Correctional Center.

Plaintiff alleges that contraband was found during a shakedown of his cell and that he was subsequently charged with possessing dangerous contraband and drugs. He further alleges that an additional charge of "security threat group" was added to the disciplinary ticket without

1

notice to him. However, the attachment to his Complaint reflects that this additional charge was deleted. (Complaint, p. 8).

Plaintiff was found guilty and lost six months of good conduct credit, along with other punishment. He asserts that this punishment was excessive. He also appears to allege that the guilty finding is undermined by procedural irregularities in how the shakedown was conducted and by false information provided by staff. He seeks compensatory damages and expungement of the disciplinary report.

Plaintiff's claims go to the validity of the length of his sentence because of his loss of good conduct credits. In <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997), the Supreme Court held that claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). "[G]ood-time credits reduce the length of imprisonment, and habeas corpus is available to

challenge the duration as well as the fact of custody." <u>Waletzki v. Keohane</u>, 13 F.3d 1079, 1080 (7th Cir. 1994), citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490 (1973)(other citations omitted). This rule "serve[s] the practical objective of preserving limitations on the availability of habeas remedies." <u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004). "[T]he <u>Heck</u> requirement is an essential element of a § 1983 claim; indeed, the [§ 1983] claim does not arise until the requirement is met." <u>Dixon v. Chrans</u>, 101 F.3d 1228, 1230 (7th Cir. 1996), citing <u>Rooding v. Peters</u>, 92 F.3d 578 (7th Cir. 1996).

Plaintiff's allegations necessarily challenge the loss of his good time. If his punishment were excessive in the constitutional sense, or if significant exculpatory evidence were not considered, or if the guilty finding were based on insufficient evidence, then Plaintiff arguably should not have lost six months of good conduct credit. However, Plaintiff must first seek return of his good time through state remedies and a federal habeas corpus action before he can state a § 1983 claim on these allegations.

The alleged lack of notice of the security threat group charge presents a more complicated analysis. Lack of notice may be immediately actionable under § 1983 if the deprivation suffered implicates a constitutionally-protected liberty interest. See Clayton-El v. Fisher, 96 F.3d 236, 243-44 (7th Cir. 1995)(failure to give written notice of disciplinary hearing and charges was immediately cognizable as § 1983 action ); Lekas v. Briley, 405 F.3d 602, 608 (7th Cir. 2005)("a prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'")(quoting Sandin v. Conner, 515 U.S. 472, 483-84 (1995)).

Thus, Plaintiff's claim about the lack of notice of the security threat charge may not be barred by Heck. However, even if Heck does not bar this challenge, Plaintiff fails to state a claim for a procedural due process violation. Procedural due process protections are triggered only when a constitutionally-protected liberty interest is at stake. Lekas, 405

F.3d at 608. Here, no plausible inference arises that Plaintiff suffered any constitutional deprivation as a result of the security threat group charge. According to the Administrative Review Board letter attached to the Complaint, the security threat charge was deleted, so Plaintiff suffered no punishment at all from that charge. The punishment he received was based on the two remaining charges for which Plaintiff did receive notice. See also <u>Morrissette v. Peters</u>, 45 F.3d 1119, 1123 (7th Cir. 1995)("There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process."). Accordingly, Plaintiff states no federal claim based on the alleged lack of notice of the security threat group charge.

IT IS THEREFORE ORDERED:

    1) Plaintiff's claims challenging the procedures that led to his guilty finding and punishment are dismissed, without prejudice, as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 484-87 (1994) and progeny.

    2) Plaintiff's procedural due process claim arising from his lack of notice of the security threat group charge is dismissed for failure to state

a federal claim upon which relief may be granted.

3) All pending motions are denied as moot (d/e 4), and this case is closed.

4) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

5) 28 U.S.C. § 1915(b)(1) requires Plaintiff to pay the full docketing fee of $350 in installments even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's order of January 31, 2012.

6) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Plaintiff may also be assessed another "strike" by the Court of Appeals if his appeal is dismissed for one of the reasons stated in § 1915(g).

ENTERED: February 2, 2012

FOR THE COURT:

                                                         s/Sue E. Myerscough
                                                     SUE E. MYERSCOUGH
                                               UNITED STATES DISTRICT JUDGE